IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FERDOWS VALIZADEH § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-542 |
| § | |
| WAL-MART STORES, INC. § | |
| § | |
| Defendant. § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case arises out of personal injury allegedly suffered by Plaintiff when she fell off a curb at Defendant's premises.  Now before the Court comes Plaintiff's Motion to Remand.  For the reasons stated below, Plaintiff's Motion to Remand is **DENIED**.

I.   Background

This case was filed in Galveston County and removed to this Court on October 11, 2005 pursuant to the Court's diversity jurisdiction, as set forth in 28 U.S.C. § 1332(a).  Section 1332(a) states in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  Plaintiff now asserts that Defendant improperly removed this case because the claimed damages do not exceed $75,000.[1]

II.   Legal Standard

A party may remove an action from state court to federal court if the action is one over which

---

[1] It is undisputed that Plaintiff and Defendant are citizens of different states.

the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party satisfies the burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

III. Analysis

Plaintiff's Motion to Remand alleges that the current liquidated damages in this case are $2,423.00 and that Defendant has failed to show that the amount in controversy exceeds $75,000. Therefore, Defendant bears the burden of proving that unliquidated damages in this case exceed $72,577. Defendant easily meets this burden by showing that in addition to liquidated damages thus far, Plaintiff's Petition seeks damages for: (1) future medical expense (including a recommended surgery that will cost between $50,000 and $80,000); (2) physical pain and suffering in the past and future; (3) mental anguish in the past and future; (4) physical impairment in the past and future; (5) loss of earning capacity; and (6) exemplary damages. Given this lengthy list, the Court finds it beyond question that Plaintiff's Petition alleges damages *far in excess* of the amount in controversy requirement. Accordingly, the Court finds that Defendant has successfully carried its burden of demonstrating the propriety of its removal.

IV.     Conclusion

For the reasons outlined above, Plaintiff's Motion to Remand is **DENIED**. Each party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 1st day of December, 2005 at Galveston, Texas.

Samuel B. Kent
United States District Judge